**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**SANTIAGO ADEL GUILLEN-FERNANDEZ**     **CASE NO.  1:26-CV-01556 SEC P**

**VERSUS**                                                        **JUDGE ROBERT R. SUMMERHAYS**

**WARDEN WINN CORRECTIONAL**              **MAGISTRATE JUDGE WHITEHURST**
**CENTER, ET AL.**

**ORDER and REASONS**

Before the Court is an "Emergency Motion for Immediate Release" [ECF No. 2], filed by habeas petitioner, Santiago Adel Guillen-Fernandez. The Federal Respondents oppose the motion.[1] For the reasons that follow, the motion is DENIED.

Petitioner is an immigration detainee in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement (DHS/ICE). Petitioner is a native and citizen of Cuba, who entered the United States on or about February 6, 2022.[2] The following day, he was served with a Notice to Appear ("NTA"), stating that after arrival, he was "not then admitted or paroled after inspection by an Immigration Officer."[3] The same day, Petitioner was released on his own recognizance.[4] On September 22, 2023, Petitioner filed an Application to Adjust Status under the Cuban Adjustment Act and an Application for Employment Authorization.[5] Thereafter, Petitioner moved to dismiss his removal proceedings "in order . . . to continue seeking adjustment of status before the . . . (USCIS) under the Cuban

---

[1] ECF No. 8 at 1.
[2] *Id.* at 2; ECF No. 8-1 at 1.
[3] ECF No. 8-1 at 1–2; *see also* 8 U.S.C. § 1182(6)(A)(i).
[4] ECF No. 1-2 at 16–19.
[5] *Id.* at 9–12.

Adjustment Act."[6] On March 11, 2024, an immigration judge granted the motion without prejudice, noting the motion was unopposed.[7] On or about April 3, 2024, Petitioner received Employment Authorization from the United States, valid through April 2, 2029.[8] Petitioner's Application to Adjust Status remains pending.[9]

On April 28, 2026, while operating a commercial vehicle transporting automobiles, Petitioner was stopped by the Arkansas Highway Patrol ("AHP") who were conducting a Department of Transportation inspection.[10] AHS contacted ICE and was advised Petitioner did "not have the proper Immigration Documents to enter, remain in, or pass through the United States legally."[11] Petitioner was detained by the Arkansas Highway Police.[12] The following day, he was placed in ICE custody and served with an NTA, again stating he was "not then admitted or paroled after inspection by an Immigration Officer."[13]

On May 12, 2026, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus, alleging his detention is unlawful under 8 U.S.C. § 1226(a), the Fourth Amendment (unlawful seizure) and Fifth Amendment (due process) to the United States Constitution, and due to his conditions of confinement.[14] The same day, Petitioner filed the pending "Emergency Motion for Immediate Relief," wherein he seeks the same relief sought by the habeas petition, but asks

---

[6] ECF No. 8-23 at 2.

[7] ECF No. 1-2 at 6.

[8] *Id.* at 14.

[9] *See* USCIS Case Status Online, available at: https://egov.uscis.gov/, receipt number MSC2390852730 (last visited June 2, 2026).

[10] ECF No. 8-4 at 2.

[11] *Id.*

[12] *Id.*

[13] ECF No. 8 at 2; ECF No. 8-2 at 1. The NTA additionally charged Petitioner with being "an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document. . . ." *See* 8 U.S.C. § 1182(7)(A)(i)(I).

[14] ECF No. 1 at 4–6.

the Court to grant the requested relief immediately.[15] The Court construes the motion as a motion for temporary or preliminary injunctive relief.

The purpose of temporary or preliminary injunctive relief "is to preserve the status quo and prevent irreparable injury until the court renders a decision on the merits."[16] To warrant such relief, the movant must demonstrate: "(1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest."[17] "In considering these four prerequisites, the court must remember that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion."[18] Further, preliminary injunctions should "not conclusively resolve legal disputes," and thus they should not be used as a vehicle for granting ultimate relief.[19]

By his motion, Petitioner essentially asks the Court to resolve the merits of his habeas petition through injunctive relief and to do so now. The issues raised in the motion are more appropriately addressed through the ordinary adjudication of the habeas petition. Accordingly,

---

[15] ECF No. 2 at 5; ECF No. 2-1.

[16] *Sambrano v. United Airlines, Inc.*, 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022) (citing *Canal Auth. Of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)); *see also Saechao v. Noem*, 3:26-CV-0624, 2026 WL 602783, at *1 (N.D. Tex. Mar. 4, 2026)

[17] *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430, 435 (5th Cir. 1981)).

[18] *Canal Auth.* at 573.

[19] *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025); *see also Saechao* at *1; *Pema Sherpa v. Judith Almodovar, et al.*, No. 3:25-CV-1718, 2026 WL 74401, *2 (W.D. La. Jan. 9, 2026); *Singh v. Acting Field Officer Director*, No. 3:26-CV-388, 2026 WL 478634, at *1 (W.D. Tex. Feb. 11, 2026); *Torbino Vinces v. Mullin*, No. 3:26-cv-1392, 2026 WL 1196633, *1 (N.D. Tex. May 1, 2026).

IT IS HEREBY ORDERED that the "Emergency Motion for Immediate Release" [ECF No. 2] is DENIED.

THUS DONE in Chambers on this 2nd day of June, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE